No. <u>22-14113</u>

# United States Court of Appeals
## for the
## Eleventh Circuit

THE ALABAMA CREDITORS (THE ESTATES OF ROBERT MOSS AND BRENDA MOSS BY DANAE BROWN, EXECUTRIX, AND THE ESTATES OF CHARLES SAUNDERS AND PEGGY SAUNDERS BY AMANDA ANDREWS, ADMINISTRATOR OF THE SAUNDERS' ESTATES),

*Plaintiffs-Appellants,*

— v. —

RODNEY DIXON DORAND,

*Defendant-Appellee.*

ON DIRECT APPEAL FROM THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF FLORIDA, PENSACOLA DIVISION NO. 21-30205-HAC THE HONORABLE HENRY A. CALLAWAY

## APPELLANT'S OPENING BRIEF

Nick Wooten
DC LAW, PLLC
1012 W Anderson Ln
Austin, TEXAS 78757
512-220-1800
512-220-1801 FAX
nick@texasjustice.com

*Attorney for The Alabama Creditors (Plaintiffs-Appellants)*

**United States Court of Appeals**

**for the**

**Eleventh Circuit**

THE ESTATE OF ROBERT MOSS, *et al.*,

*Plaintiffs-Appellants,*

– v. –

RODNEY DIXON DORAND,

*Defendant-Appellee.*

_____

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to Federal Rule of Appellate Procedure 26 and Eleventh Circuit Rule 26.1, the Plaintiffs-Appellees hereby certify that, to their knowledge, the following persons/entities have an interest in the outcome of this petition:

**Callaway, Honorable Henry A.** – Presiding Judge

**Chancellor, Sherry** – Chapter 7 Trustee

**Dorand, Rodney Dixon** – Debtor in the Bankruptcy Case

**Powell, Robert A.** – Attorney for the Debtor

The Alabama Creditors -- **The Estates of Robert Moss and Brenda Moss by Danae Brown, Executrix, and The Estates of Charles Saunders and Peggy Saunders by Amanda Andrews, Administrator of the Saunders' Estates**

**Von Hoene, William --** Attorney for the Debtor

**Wooten, Nicholas H.** – Attorney for the Alabama Creditors

## STATEMENT ON ORAL ARGUMENT

Appellants believe that oral argument would be helpful to the resolution of this appeal.

## CITATIONS TO THE RECORD

The Appendix consists of six volumes. Citations to the Appendix will be as follows: [Vol. #] App. [Doc.#], [Pg. #].

# TABLE OF CONTENTS

**CERTIFICATE OF INTERESTED PERSONS** ................................. i.

**STATEMENT ON ORAL ARGUMENT** ............................................ iii

**CITATIONS TO THE RECORD** ...................................................... iii

**TABLE OF CONTENTS** .................................................................. iv

**TABLE OF AUTHORITIES** ............................................................ vii

**JURISDICTIONAL STATEMENT** ....................................................... 1

**STATEMENT OF THE ISSUES** ........................................................... 2

I.        THE MORGAN STANLEY IRA ACCOUNT WAS NOT PART OF DORAND'S BANKRUPTCY ESTATE BECAUSE THE ALABAMA STATE COURT JUDGMENT TERMINATED HIS RIGHTS TO THAT ACCOUNT ................................................ 2

II.      THE ALABAMA STATE COURT JUDGMENT AGAINST MORGAN STANLEY CREATED A RIGHT TO SETOFF IN FAVOR OF MORGAN STANLEY UNDER 11 U.S.C. § 553 ................................................................................................ 2

III.     THE *ROOKER-FELDMAN* DOCTRINE PROHIBITS REVIEW OF THE ALABAMA STATE COURT JUDGMENT DETERMINING THAT THE MORGAN STANLEY IRA IS NOT EXEMPT. ..................................................... 2

IV.     THE ALABAMA STATE COURT JUDGMENT MUST BE GIVEN PRECLUSIVE EFFECT UNDER FULL FAITH AND CREDIT AND COLLATERAL ESTOPPEL. .................................................................... 2

**STATEMENT OF THE CASE** ................................................................ 3

I.        COURSE OF PROCEEDINGS ............................................................ 3

II.      STATEMENT OF FACTS ................................................................... 8

A. IN 2015, ALABAMA CREDITORS OBTAIN A $1.6M JUDGMENT AGAINST DORAND IN ALABAMA STATE COURT. ............................................................... 8

B. ALABAMA CREDITORS BEGAN COLLECTIONS PROCEEDINGS IN 2019. 9

C. DURING THE COLLECTIONS PROCEEDINGS, DORAND CLAIMED THE MORGAN STANLEY IRA WAS EXEMPT FROM COLLECTIONS. ........................ 10

D. THE ALABAMA STATE COURT DENIED DORAND'S CLAIM OF EXEMPTIONS, GRANTED A JUDGMENT DIRECTLY AGAINST MORGAN STANLEY, AND GRANTED MORGAN STANLEY THE RIGHT TO "SET-OFF" THE JUDGMENT FROM ALL FUNDS IN ITS POSSESSION, INCLUDING FUNDS IN THE IRA ACCOUNT. ............................................................................. 10

E. THE ALABAMA SUPREME COURT DENIED DORAND'S EFFORTS TO SET ASIDE THE JUDGMENT AGAINST MORGAN STANLEY. ................................... 12

F. AFTER ALL EFFORTS FAILED IN ALABAMA STATE COURT, DORAND FILED FOR BANKRUPTCY IN FLORIDA. ............................................... 13

III. STANDARD OF REVIEW ............................................................... 13

SUMMARY OF THE ARGUMENT ..................................................... 14

ARGUMENT ................................................................................... 19

I. THE ALABAMA JUDGMENT TERMINATED DORAND'S RIGHTS IN THE MORGAN STANLEY IRA ACCOUNT AND REMOVED THE ACCOUNTS FROM ANY FUTURE BANKRUPTCY ESTATE. ........................................................ 19

II. THE ALABAMA STATE COURT JUDGMENT IN FAVOR OF CREDITORS AND AGAINST MORGAN STANLEY CREATED A RIGHT TO SETOFF IN FAVOR OF MORGAN STANLEY UNDER 11 U.S.C. § 553. ........................................ 25

III. THE *ROOKER-FELDMAN* DOCTRINE PROHIBITS REVIEW OF THE STATE COURT JUDGMENT DETERMINING THAT THE MORGAN STANLEY IRA IS NOT EXEMPT. 32

IV. THE ALABAMA STATE COURT JUDGMENT MUST BE GIVEN PRECLUSIVE EFFECT UNDER FULL FAITH AND CREDIT AND COLLATERAL ESTOPPEL ................................................................................ 39

A. THE PREMISE OF THE BANKRUPTCY COURT'S DECISION – THAT DEBTOR GETS A SECOND CHANCE AT AN EXEMPTION – RUNS CONTRARY TO FULL FAITH AND CREDIT CLAUSE ..................................................... 39

B. Collateral Estoppel bars the re-litigation of the issue of whether the Morgan Stanley IRA ...................................................... 44

**CONCLUSION**.........................................................................**50**

**CERTIFICATE OF COMPLIANCE**......................................**52**

**CERTIFICATE OF SERVICE** ...........................................**53**

# TABLE OF AUTHORITIES

## Cases

*Atkinson v. Fed. Deposit Ins. Corp.*, 635 F.2d 508(5th Cir. 1981)31, 32, 33

*Azalea City Motels v. First Ala. Bank*, 551 So. 2d 967(Ala. 1989)31, 32, 33

*Baker by Thomas v. Gen. Motors Corp.,* 522 U.S. 222 (1998) .......... 42, 46

*Behr v. Campbell*, 8 F.4th 1206 (11th Cir. 2021);.................................. 40

*Bertram v. HSBC Mortg. Servs. (In re Bertram)*, 746 F. App'x 943 (11th Cir. 2018) .......................................................................... 35, 36, 38, 39

*Bush v. Balfour Beatty Bahamas (In re Bush)*, 62 F.3d 1319 (11th Cir. 1995) ............................................................................................. 43

*Citizens Bank v. Strumpf*, 516 U.S. 16, 116 S. Ct. 286(1995) ............... 29

*Coffee Cnty. Bank v. Mitchum*, 634 So. 2d 148(Ala. Civ. App. 1993 ...... 28

*District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983)......................................................... 35

*Harris v. Jayo (In re Haris)*, 3 F.4th 1339 (11th Cir. 2021) ................... 43

*In re Dillard Ford, Inc.*, 940 F.2d 1507(11th Cir. 1991)............. 30, 32, 33

*In re Gunthorpe*, 280 B.R. 893 (Bankr. S.D. Ala. 2001) ......................... 21

*In re Jones*, 611 B.R. 685 (Bankr. M.D. Ala. 2020) ............................... 50

*In re Lewis*, 21 B.R. 926 (Bkrtcy. N.D. Ala. 1982) ................................. 26

*In re Marona*, 54 B.R. 65 (Bankr. N.D. Ala. 1985) ................................ 26

*In re McKay*, 420 B.R. 871(Bankr. M.D. Fla. 2009) ......................... 29, 32

*In re Murray*, 442 B.R. 831 (Bankr. M.D. Fla. 2010) ............................ 43

*In re Patterson*, 967 F.2d 505 (11th Cir. 1992) ........................... 30, 32, 33

*In re Stephens*, 43 B.R. 97 (Bkrtcy. N.D. Ala. 1984) .............................. 26

*Lee L. Saad Const. Co., Inc. v. DPF Architects, P.C.,* 851 So. 2d 507 (Ala.
2002). ................................................................. 48, 49, 51, 52

*Leverette By and Through Gilmore v. Leverette*, 479 So. 2d 1229 (Ala.
1985) ................................................................................. 49

*Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 105 S. Ct.
1327 (1985) .................................................................... 42, 47

*McCulley v. Bank of Am., N.A.*, 605 F. App'x 875 (11th Cir. 2015) ........ 48

*Milliken v. Meyer*, 311 U.S. 457 (1940) ............................................ 43, 46

*Mizell v. Wells Fargo Bank, N.A.*, No. 22-12119, 2023 U.S. App. LEXIS
1660, at *3-5 (11th Cir. 2023) ............................................. 40

*Owen v. Owen*, 500 U.S. 305,111 S. Ct. 1833 (1991) ....................... 43, 48

*Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923) ................................................................................ 35

*Santa Ana Unified Sch. Dist. v. Montgomery (In re Montgomery)*, 489 B.R. 609(Bankr. N.D. Ga. 2013).................................................... 45

*Self v. Roper*, 689 So. 2d 139 (Ala. Civ. App. 1996) ................................ 25

*Shahar v. Bowers*, 120 F.3d 211 (11th Cir. 1997).................................... 46

*Sineneng-Smith*, 140 S. Ct. 1575 (2020) ................................................. 46

*Slizyk v. Smilack (In re Slizyk)*, 278 F. App'x 946 (11th Cir. 2008)....... 36

*SouthTrust Bank v. Ford*, 835 So.2d 990 (Ala. 2002)............................. 52

*St. Laurent v. Ambrose (In re St. Laurent)*, 991 F.2d 672 (11th Cir. 1993) ............................................................................................... 47, 48

*State Nat'l Bank v. Towns*, 36 Ala. App. 677 (Ct. App. Ala. 1952). ....... 32

*TitleMax of Ala., Inc. v. Hambright (In re Hambright)*, 635 B.R. 614 (Bankr. N.D. Ala. 2022)................................................................. 21, 22

*V.L. v. E.L.,* 577 U.S. 404(2016 ....................................................... 43, 46

*Wyers v. Keenon*, 762 So. 2d 353 (Ala. 1999) .................................. passim

*Yerian v. Webber (In re Yerian)*, 927 F.3d 1223(11th Cir. 2019)............ 44

## Statutes

11 U.S.C. § 101(5)(A) ................................................................. 30

11 U.S.C. § 541(a)(1) ............................................................. 21, 26, 27

11 U.S.C. § 553(a) .................................................................. 27, 29

11 U.S.C.S. § 522 .................................................................. 43, 48

28 U.S.C. § 1257 ......................................................................... 35

ALA. CODE § 6-10-1 .................................................................... 48

Ala. Code § 6-6-180............................................................. passim

## Rules

ALA. R. CIV. P. RULE 64A .............................................................. 22

## Constitutional Provisions

U.S. Const., Art. IV, § 1............................................................. 42

# JURISDICTIONAL STATEMENT

This Court previously granted the Parties' joint petition for permission to take a direct appeal to this Court pursuant to FRAP Rule 6(c) and this Court has jurisdiction to hear this direct appeal pursuant to 28 U.S.C. §158(d)(2). (6 App. Doc. 243, pgs. 1-2.) This Court's jurisdiction over any bankruptcy issues arises out of 28 U.S.C. §158, et seq.

# STATEMENT OF THE ISSUES

I.    The Morgan Stanley IRA Account was not part of Dorand's bankruptcy estate because the Alabama state court judgment terminated his rights to that account.

II.    The Alabama state court judgment against Morgan Stanley created a right to setoff in favor of Morgan Stanley under 11 U.S.C. § 553.

III.    The *Rooker-Feldman* doctrine prohibits review of the Alabama state court judgment determining that the Morgan Stanley IRA is not exempt.

IV.    The Alabama State Court Judgment Must be Given Preclusive Effect Under Full Faith and Credit and Collateral Estoppel

# STATEMENT OF THE CASE

## I.    Course of Proceedings

1)    Appellants, the Estates of Robert Moss and Brenda Moss by Danae Brown, Executrix, and The Estates of Charles Saunders and Peggy Saunders by Amanda Andrews, Administrator of the Saunders' Estates (the "Alabama Creditors") hold a final and non-appealable judgment for fraud, breach of contract and fraudulent inducement against Appellee, Rodney Dixon Dorand ("Dorand") in this case arising from litigation in Tallapoosa County, Alabama. (1 App. Doc. 24-2, pgs. 1-3.)

2)    During post-judgment collections in Tallapoosa County, Alabama, Dorand interjected and then litigated his claims of exemption, including his claim that an IRA account held by Morgan Stanley Smith Barney, LLC ("Morgan Stanley IRA") constituted exempt retirement funds prior to Dorand filing for bankruptcy protection. (1 App. Doc. 67-1, pgs. 1-6.)

3)    In the Alabama collections proceedings, the Alabama Creditors opposed and contested Dorand's claims that his Morgan

Stanley IRA constituted exempt retirement funds on several grounds. (1 App. Doc. 67-2, pgs.1-17.)

4) On January 4, 2021, the Circuit Court of Tallapoosa County, Alabama denied Dorand's claim of exemption as to retirement funds including specifically the Morgan Stanley IRA account. (2 App. Doc. 67-4, pgs.1-2.)

5) On January 4, 2021, the Circuit Court of Tallapoosa County, Alabama issued a judgment against Morgan Stanley for the full amount of all funds held by Morgan Stanley including Dorand's Morgan Stanley IRA in partial satisfaction of the Alabama Creditors' judgment. (2 App. Doc. 67-5, pgs. 1-3.)

6) On January 11, 2021, The Circuit Court of Tallapoosa County, Alabama issued an amended judgment against Morgan Stanley. (2 App. Doc. 67-6, pgs. 1-3.)

7) The amended judgment against Morgan Stanley stated:

"Morgan Stanley Smith Barney, LLC is authorized to set-off this payment from any funds in its possession and held for the benefit of either Rodney Dorand individually or the Rodney D. and Barbara H. Dorand Living Trust. This specifically includes the right of Morgan Stanley to set-off funds held in an account designated as an Individual Retirement Account. Rodney Dorand's claim of exemption as to retirement funds was denied by the Court at Document 450." (2 App. Doc. 67-6, pgs. 2-3.)

8)      Morgan Stanley did not appeal the judgment entered against it by the Circuit Court of Tallapoosa County, Alabama's judgment or amended judgment disposing of Dorand's accounts and funds held by Morgan Stanley. (2 App. Doc. 34-1, pgs. 15-17.)

9)      The amended judgment against Morgan Stanley became final and non-appealable as to Morgan Stanley after the expiration of 42 days on February 22, 2021.

10)     Morgan Stanley confirmed on January 19, 2021, that Morgan Stanley had liquidated Dorand's IRA Account in accordance with the Alabama judgment and requested payment instructions. (2 App. Doc. 67-7, pg. 3.)

11)     On January 25, 2021, Dorand filed a motion to stay execution in the Circuit Court of Tallapoosa County. (2 App. Doc. 67-8, pgs. 1-5.) On the same date, Dorand filed a petition for writ of mandamus with the Alabama Supreme Court seeking to set aside the Alabama judgment. (2 App. Doc. 67-9, pgs. 1-26.) On February 5, 2021, Dorand filed a motion for immediate stay in the Alabama Supreme Court. (2 App. Doc. 67-10, pgs. 1-2.) The Supreme Court of Alabama denied the petition for

mandamus and the motion for stay on February 23, 2021. (2 App. Doc. 67-10, pgs. 1-2; Doc. 67-11, pgs. 1-2.)

12)    On February 23, 2021, Dorand filed a second motion for immediate stay with the Alabama Supreme Court. (2 App. Doc. 67-12, pgs. 1-4.) The Court denied the motion as moot on March 17, 2021. (2 App. Doc. 67-13, pgs. 1-2.)

13)    On April 1, 2021, 80 days after entry of the amended judgment and 38 days after the amended judgment against Morgan Stanley had become final and non-appealable, Dorand filed a voluntary Chapter 7 petition in the bankruptcy court for the Northern District of Florida. (1 App. Doc. 1, pgs. 1-8.) In the bankruptcy case, Dorand asserted that the Morgan Stanley IRA account was his exempt property. (1 App. Doc. 24, pg. 21.)

14)    The Alabama Creditors and Sherry F. Chancellor, the Chapter 7 bankruptcy trustee ("Trustee"), objected to Dorand's claims of exemptions. (1 App. Doc. 35, pgs. 1, 7-12; 3 App. Doc. 79, pgs. 2-7.) The Alabama Creditors asserted that (1) the Morgan Stanley IRA was not part of the bankruptcy estate because of a final judgment from the Circuit Court of Tallapoosa County, Alabama denying any claim of exemption to

those funds; and (2) Alabama Creditors prevailed against Dorand in Alabama state court regarding the exempt status of the Morgan Stanley IRA, that Dorand could not relitigate that issue, and that Full Faith and Credit required the Florida Bankruptcy Court to give full effect to the Alabama judgment on this issue. (1 App. Doc. 35, pgs. 9-12.) Following a hearing on 9/12/2022, the parties agreed that the Bankruptcy Court could determine the exemption issues on the evidence filed by the parties. (1 App. Tab A, pg. 30 [re Doc 227].)

15)     The Bankruptcy Court ordered briefing on the exemption issues, and Alabama Creditors, Trustee, and Dorand filed briefs as ordered. (3 App. Doc. 116, pgs. 1-19; 3 App. Doc. 171, pg. 1.)

16)     Disregarding the Alabama judgment on this issue, the Bankruptcy Court overruled the Alabama Creditors' and Trustee's objections to Dorand's claim of exemptions as to the Morgan Stanley IRA. (6 App. Doc. 230, pgs. 1-15.)

17)     The Alabama Creditors filed a notice of appeal. (6 App. Doc. 235, pgs. 1-4.)

18)     The Parties filed a joint petition requesting permission to take a direct appeal.

19)     This Court granted the petition. (6 App. Doc. 243, pgs. 1-2.)

20)     The Alabama Creditors perfected their appeal.

21)     This appeal follows.

## II.   Statement of Facts

### A. In 2015, Alabama Creditors obtain a $1.6M judgment against Dorand in Alabama state court.

22)     In 2009, Alabama Creditors sued Debtor in a suit styled *Robert Moss, Brenda Moss, Charles Saunders, Peggy Saunders, et al, Plaintiffs v. The Bluffs at Glenwood, Glenwood Development Company, Glenwood Silver Hills, LLC, Dorand Development, LLC, et al, Defendants,* filed in Case No. CV-2009-000073.00 in the Circuit Court of Tallapoosa County, Alabama, Dadeville Division ("State Court Action"). (1 App. Doc. 34-1, pg. 1.)

23)     On the day the case was called for jury trial, Dorand failed to appear at the trial. (1 App. Doc. 34-2, pg. 2.) Creditors then sought entry of judgment and presented testimony as to liability and damages to the Court. *Ibid.* The Court, after hearing the evidence, then entered a default judgment against Dorand in the State Court Action basing liability on fraud, breach of contract and fraudulent concealment. (1 App. Doc. 34-2,

pg. 2.) This trial date occurred after more than six years of litigation.  (1 App. Doc. 34-1, pg. 1; 1 App. Doc. 34-2, pg. 3.)

24)      On January 26, 2015, the Tallapoosa County Circuit Court rendered judgment against Dorand individually in the amount of One Million Six Hundred Thousand Dollars ($1,600,000.00). (1 App. Doc. 34-2, pgs. 2-3.)The state court also rendered judgment against the Rodney D. and Barbara J. Dorand Living Trust ("the Trust") in the same amount. (1 App. Doc. 34-2, pgs. 2-3.)

### B. *Alabama Creditors began collections proceedings in 2019.*

25)      In March 2019, the Alabama Creditors began ancillary collections proceedings in Tallapoosa County, Alabama against Dorand to secure payment of the Alabama State Court Judgment. (1 App. Doc. 34-1, pg. 10.)In July 2020, Alabama Creditors sought garnishment of funds held by Morgan Stanley for the benefit of Dorand pursuant to Ala. Code §6-6-54. (1 App. Doc. 34-1, pgs. 11-12.)

26)      Morgan Stanley appeared and filed an answer in the collection proceedings in Alabama state court. Morgan Stanley did not contest the Circuit Court of Tallapoosa County's personal jurisdiction over Morgan Stanley. (1 App. Doc. 34-1, pg.13)

### C. During the collections proceedings, Dorand claimed the Morgan Stanley IRA was exempt from collections.

27)     In response to the Alabama Creditors' garnishment actions, Dorand filed a claim of exemption pursuant to Rule 64A, Ala. R. Civ. P. Therein, Dorand claimed the Morgan Stanley IRA was exempt from garnishment as retirement funds. (1 App. Doc. 67-1, pgs. 1-6.)

28)     Dorand also argued the Alabama Creditors could not seize the Morgan Stanley accounts by use of a garnishment because the accounts were domiciled outside the State of Alabama. (2 App. Doc. 67-9, pg. 14 and 67-15, pgs. 4-5.)

29)     In response to this argument, the Alabama Creditors also filed a motion for alternative relief in the form of a creditor's bill pursuant to Ala. Code §6-6-180. (1 App. Doc. 34-1, pg. 14.) The Alabama Creditors opposed Dorand's claims of exemption in the State Court Action on both procedural and substantive grounds. (1 App. Doc. 67-2, pgs. 1-17.)

### D. The Alabama state court denied Dorand's claim of exemptions, granted a judgment directly against Morgan Stanley, and granted Morgan Stanley the right to "set-off" the judgment from all funds in its possession, including funds in the IRA Account.

30)     On January 4, 2021, the Alabama state court specifically denied Dorand's claim of exemption to the Morgan Stanley IRA and

entered judgment against Morgan Stanley directing those funds (along with funds in another account belonging to the Trust) be paid over to the Circuit Clerk of Tallapoosa County, Alabama. (2 App. Doc. 67-4, pgs. 1-2, 2 App. Doc. 67-6, pgs. 1-3.)

31)     On January 11, 2021, the state court entered an amended judgment against Morgan Stanley ("Amended Judgment"), which reads in relevant part:

> "Pursuant to the Court's authority under §6-6-180 *et seq.*, the Court enters judgment against Morgan Stanley Smith Barney, LLC in the amount of $856,622.39.
>
> "The judgment amount represents moneys Morgan Stanley Smith Barney, LLC has admitted holding in accounts owned by either [Dorand] individually or [the Trust] including an account designated as an Individual Retirement Account by [Dorand]. Morgan Stanley Smith Barney, LLC is authorized to set-off this payment from any funds in its possession and held for the benefit of [Dorand] individually or [the Trust]. This specifically includes the right of Morgan Stanley to set-off funds held in an account designated as an Individual Retirement Account. [Dorand's] claim of exemption as to retirement funds was denied by the Court at Document 450. Upon remittance of these funds to the Circuit Clerk of Tallapoosa County, Alabama the judgment against Morgan Stanley Smith Barney, LLC's[sic] will be satisfied." (2 App. Doc. 67-6, pgs. 1-3.)

32)     Dorand sought a new trial or to alter or amend the judgments entered on January 4, 2021, and January 11, 2021. (2 App. Doc. 67-15, pgs. 4-5.)

33)    On February 17, 2021, Dorand filed a notice of appeal in Alabama state court.  (1 App. Doc. 34-1, pg. 16.) Debtor did not post a supersedeas bond to stay collections of the Alabama judgment.

34)    By January 13, 2021, Morgan Stanley had liquidated to cash all the investments in the IRA account in the amount of  $800,539.46 in preparations to pay those funds to the Alabama Circuit Court Clerk of Tallapoosa County, Alabama. (2 App. 67-7, pgs. 1-3.)

35)    On January 20, 2021, Dorand's Alabama counsel obstructed collection of the Alabama judgment by threatening Morgan Stanley with litigation if Morgan Stanley paid the Alabama judgment. (2 App. 67-14, pgs. 1-3.)

### E. The Alabama Supreme Court denied Dorand's efforts to set aside the judgment against Morgan Stanley.

36)    On about January 25, 2021, Dorand filed a petition for writ of mandamus with the Alabama Supreme Court, asserting that the Alabama state court did not have jurisdiction over assets located outside of Alabama and that the Morgan Stanley IRA was exempt from garnishment. (2 App. Doc. 67-9, pgs. 1-26.) The Alabama Supreme Court denied the petition and denied Dorand's request to stay the judgment

against Morgan Stanley that terminated Dorand's rights in the Morgan Stanley accounts. (2 App. Docs. 67-10, 67-11, 67-13.)

### F. After all efforts failed in Alabama state court, Dorand filed for Bankruptcy in Florida.

37)     Having lost every ruling in Alabama seeking to stop the payment of the Morgan Stanley judgment, Dorand filed bankruptcy in the Northern District of Florida on April 1, 2021. (1 App. Doc. 1, pgs. 1-8.) Dorand's threats of litigation against Morgan Stanley had successfully obstructed Morgan Stanley's compliance with the judgment of the Circuit Court of Tallapoosa County, Alabama. (2 App. 67-14, pg. 1.) This obstruction of the judgment payment by Dorand and his counsel allowed Dorand to file his petition in bankruptcy before Morgan Stanley had paid over the funds in their accounts to the Tallapoosa County Circuit Clerk.. This desperate act does not change the fact that the Alabama judgment terminated Dorand's rights in the Morgan Stanley accounts and the monies on deposit prior to the judgment.

## III.    Standard of Review

The proper construction of the Bankruptcy Code, whether by the bankruptcy court or by the district court, is a matter of law. Such interpretations are subject to de novo review. *Meehan v. Wallace (In re*

*Meehan)*, 102 F.3d 1209, 1210 (11th Cir. 1997) (citing *In re Haas*, 48 F.3d 1153, 1155 (11th Cir.1995)). An appellate court also reviews *de novo* a bankruptcy court's application of the *Rooker-Feldman* doctrine. *Bertram v. HSBC Mortg. Servs. (In re Bertram)*, 746 F. App'x 943, 947 (11th Cir. 2018) (citing *See Lozman v. City of Riviera Beach*, 713 F.3d 1066, 1069 (11th Cir. 2013)). An appellate court reviews a bankruptcy court's factual findings under a clearly erroneous standard. *Id.* (citing *In re Bilzerian*, 100 F.3d 886, 889 (11th Cir. 1996)).

## SUMMARY OF THE ARGUMENT

This appeal centers around one core issue. On September 27, 2022, the Bankruptcy Court for the Northern District of Florida entered an order which irreconcilably conflicts with a valid and final judgment entered in the Circuit Court of Tallapoosa County, Alabama entered against Morgan Stanley on January 4, 2021, and amended on January 11, 2021.

The Alabama judgment determined the rights and obligations of Morgan Stanley and Dorand with respect to the deposit accounts and the funds Morgan Stanley held on behalf of Dorand. The Alabama judgment expressly denied Dorand's claim of exemption as to his retirement funds

and ordered Morgan Stanley to personally pay an amount equal to the funds on deposit in Dorand's accounts. The judgment also authorized Morgan Stanley to set off those account to reimburse itself for the judgment entered against Morgan Stanley. This judgment fully adjudicated and terminated Dorand's interest in the Morgan Stanley accounts and the monies on deposit in those accounts.

Twenty months later, the Florida Bankruptcy Court made the exact opposite ruling with respect to the same Morgan Stanley accounts and monies finding Dorand's retirement funds are ***exempt from collection.*** The same issues, (1) whether Dorand's retirement funds are exempt, and (2) Dorand's interest in the Morgan Stanley accounts, cannot be litigated twice, in two different trial courts, in two different proceedings and result in irreconcilably conflicting rulings. This appeal follows.

**Issue I:**

The Morgan Stanley IRA is not part of the bankruptcy estate under 11 U.S.C. § 541(a) because Dorand's interest in the Morgan Stanley IRA account was fully adjudicated and terminated by the Alabama judgment entered on January 4, 2021, and amended on January 11, 2021. The Alabama state court rendered judgment against Morgan Stanley under

Ala. Code § 6-6-180 before Dorand filed for bankruptcy, and under Alabama law, this judgment was considered effective as of the date the creditor's bill was filed or December 1, 2020. Because there was nothing left to do under Alabama law to render the judgment effective, Dorand no longer had any rights to the Morgan Stanley IRA account effective December 1, 2020.

**Issue II**

The Bankruptcy Court improperly determined that a valid right of "setoff" did not exist under 11 U.S.C. § 553(a) because "the Debtor owes no debt to Morgan Stanley." This finding is clearly erroneous. Morgan Stanley and Debtor have mutuality of pre-petition debts owed to one another. The Amended Judgment against Morgan Stanley required Morgan Stanley to pay an amount of money equal to the amount of money held by Morgan Stanley for Dorand's benefit. The Alabama Court specifically authorized Morgan Stanley to repay itself these monies from funds held for Dorand's benefit. The Alabama judgment created a debt from Dorand to Morgan Stanley which the judgment itself authorized Morgan Stanley to recover from Dorand's monies on deposit. As the holder of funds on deposit from Dorand, Morgan Stanley was a debtor to

Dorand. Therefore, there was mutuality of prepetition debt, and the Bankruptcy Court's contrary finding is clearly erroneous.

**Issue III**:

The Bankruptcy Court improperly determined that Dorand's attempt to relitigate the claim of exemption to the Morgan Stanley IRA account in the Bankruptcy case did not violate the *Rooker-Feldman* Doctrine, which prohibits a federal court from reviewing and reversing a state court judgment. This doctrine implicates both the state court judgment denying Dorand's claim of exemption to the Morgan Stanley IRA and the creditor's bill against Morgan Stanley. The Bankruptcy Court could only grant the claim of exemption to the Morgan Stanley IRA account by ignoring the express language of the earlier Alabama judgments, and this finding improperly finds those judgments to be wrong, effectively making the Florida bankruptcy court an appellate court as to the Alabama judgment in violation of the *Rooker-Feldman* Doctrine.

**Issue IV**:

The Bankruptcy Court improperly determined that it did not need to give preclusive effect to the Alabama state court judgment denying Dorand's claim of exemption as to the Morgan Stanley IRA. Acceptance of the

Bankruptcy Court's reasoning that the exemption issue could not have been litigated because the bankruptcy was not yet pending would mean that Full Faith and Credit would never apply in a subsequent bankruptcy proceeding. Dorand initiated the exemption litigation in Alabama, not the Alabama Creditors. Dorand could have filed bankruptcy as to the Alabama Creditors' claim at any time from the instigation of the original lawsuit in 2009, until January 3, 2021, and litigated any Florida exemptions in the bankruptcy court. Instead, Dorand chose to litigate his exemptions in the Alabama collection proceedings. By so choosing to litigate this question in Alabama, Dorand had an obligation to make all of his legal arguments in the Alabama collection proceedings, even those relying on foreign law. See, ARCP 44.1. Dorand litigated and lost the exemption issue after a full and fair litigation in Alabama that Dorand himself instigated. Dorand then lost multiple rounds of appeals on these questions.

The Alabama Creditors demonstrated that all elements of collateral estoppel were present. The state court proceeding litigated the same issue – whether the Morgan Stanley IRA constituted exempt retirement funds, and Dorand's interest in the monies held in the Morgan Stanley

accounts– and resolution of these issues were central to the resolution of the collections proceeding and the judgment entered by the Circuit Court of Tallapoosa County, Alabama. The Circuit Court of Tallapoosa County expressly resolved these very questions denying Dorand's claim of exemption as to retirement funds and ordering Morgan Stanley to pay over an amount equal to Dorand's funds on deposit with Morgan Stanley in the amended judgment. Resolution of these questions by the Circuit Court of Tallapoosa County was required to render the judgment entered on January 4, 2021, and, as amended on January 11, 2021.

## ARGUMENT

### I. The Alabama Judgment Terminated Dorand's Rights in the Morgan Stanley IRA Account and Removed the Accounts from any Future Bankruptcy Estate.

The Morgan Stanley IRA is not part of Dorand's bankruptcy estate. The Amended Judgment of the Circuit Court of Tallapoosa County, Alabama denied Dorand's claim of exemption as to retirement funds and extinguished Dorand's rights in the Morgan Stanley IRA account. The Alabama judgment forever settled the rights and obligations of Dorand and Morgan Stanley with respect to all monies and all accounts of Dorand held by Morgan Stanley.

A bankruptcy estate consists of all interests in property possessed by the debtor at the time he files for bankruptcy protection. 11 U.S.C. § 541(a)(1). While the Bankruptcy Code casts a wide net, bringing all "property" into the estate absent an exclusion. *TitleMax of Ala., Inc. v. Hambright (In re Hambright)*, 635 B.R. 614, 629 (Bankr. N.D. Ala. 2022) (citing 11 U.S.C. § 541). Property in which the debtor has no property right is not part of the bankruptcy estate. *In re Gunthorpe*, 280 B.R. 893, 895 (Bankr. S.D. Ala. 2001).

While the Bankruptcy Code defines the composition of an estate, non-bankruptcy law (typically state law) creates and defines the rights and interests that enter the estate. *In re Hambright*, 635 B.R. at 629 (citing *Butner v. U.S.*, 440 U.S. 48, 55, 99 S. Ct. 914, 59 L. Ed. 2d 136 (1979)). In other words, the property acquired by a bankruptcy estate from a debtor, by operation of federal bankruptcy law, depends on non-bankruptcy law for its existence. *Id.* (citation omitted).

On July 23, 2020, the Alabama Creditors were over a year into their ancillary collections action against Dorand in the Circuit Court of Tallapoosa County, Alabama. (1 App. Doc. 34-1, pg. 11.) On that day, the Alabama Creditors served Morgan Stanley with a garnishment for

Dorand's financial accounts. Under Alabama law, this garnishment triggered Dorand's obligation to file any claim of exemptions. *See* ALA. R. CIV. P. RULE 64A (requiring notice of garnishment to defendant and notifying defendant of right to file exemptions).

On October 7, 2020, Dorand filed his claim of exemption to the Morgan Stanley garnishment and claimed an exemption for retirement funds. (1 App. Doc. 67-1, pgs. 1-2.) In the interim, Morgan Stanley was served with the garnishment on July 29, 2020. Morgan Stanley answered the garnishment on September 21, 2020, submitting to the personal jurisdiction of the Circuit Court of Tallapoosa County, Alabama and indicating that Morgan Stanley held two accounts totaling $856,622.39. (2 App. Doc. 34-1, pgs. 12-13.) The Morgan Stanley IRA Account held more than $700,000 at that time. The balance of funds was in an account held in the name of the Rodney D. and Barbara H. Dorand Living Trust.

On December 1, 2020, in response to Dorand's challenges to the Alabama Creditor's rights to garnish accounts not domiciled in Alabama, the Alabama Creditor's filed for alternative relief under Ala. Code § 6-6-180, which is a statutorily created creditor's bill. (1 App. Doc. 34-1, pg. 14.) A "creditor's bill" is an equitable proceeding brought by a creditor to

enforce the payment of a debt out of property of his debtor which cannot be reached by ordinary legal process. *Wyers v. Keenon*, 762 So. 2d 353, 355 (Ala. 1999) (citing *Creditor's Bill,* BLACK'S LAW DICTIONARY 369 (6th ed. 1990)). Section § 6-6-180 permits the court to "bring any other party before it and adjudge such property, or the interest of the defendant therein, to the satisfaction of the sum due the plaintiff." ALA. CODE § 6-6-180.

The process of garnishment and a creditor's bill are, in effect, instituted for the same purpose, namely, to reach money or property in the hands of a third party, due and owing from a judgment debtor to a judgment creditor. *Wyers*, 762 So. 2d at 355 (citing 21 C.J.S. CREDITOR AND DEBTOR § 95 (1990)). Any judgment against the third party must be limited to the value of the assets held by the third party that otherwise would be subject to levy on an execution of the judgment against the judgment debtor. *Id.* at 355-56.

Pursuant to their rights granted under § 6-6-180, any non-exempt funds held by Morgan Stanley could be reached for the benefit of the Alabama Creditors. ALA. CODE § 6-6-180; *Wyers*, 762 So. 2d at 355. Morgan Stanley had already filed an answer to the garnishment and

submitted to the personal jurisdiction of the Circuit Court of Tallapoosa County, Alabama. That Court entered judgment on the creditor's bill sought by the Alabama Creditors under Ala. Code § 6-6-180. (2 App. Doc. 67-6, pgs. 1-3.) This judgment fully and finally terminated Dorand's rights to any accounts or monies therein held by Morgan Stanley. The judgment specifically adjudicated and denied Dorand's claim of exemption as to retirement funds. (2 App. Doc. 67-6, pgs. 1-3.) The judgment established and forever settled Dorand's and Morgan Stanley's rights and obligations with respect to the money held in the accounts. Under Alabama law, "A judgment that declares the rights of the parties and settles the equities is final even though the trial court envisions further proceedings to effectuate the judgment. *Self v. Roper*, 689 So. 2d 139, 140 (Ala. Civ. App. 1996) (citing *Wilson v. Wilson*, 53 Ala. App. 201, 298 So. 2d 622 (Ala. Civ. App. 1973), cert. denied, 292 Ala. 761, 298 So. 2d 627 (1974)). *Wyers* at 355.

This begs the question of *when* the creditor's bill terminated Dorand's property rights to the Morgan Stanley IRA. To effectuate a creditor's bill, Alabama law simply requires the court to "adjudge such property, or the interest of the defendant therein, to the satisfaction of

the sum due the plaintiff." ALA. CODE § 6-6-180. This is what occurred in the Alabama state court on January 4, 2021, as amended on January 11, 2021. (2 App. Doc. 67-5, pgs. 1-3, 2 App. Doc. 67-6, pgs. 1-3.)

The Circuit Court of Tallapoosa County rendered judgment against Morgan Stanley in the amount of $856,622.39, which, according to the Amended Judgment, represents funds Morgan Stanley "admitted holding in accounts owned by either Dorand individually or [the Trust] ***including an account designated as an Individual Retirement Account*** by [Dorand]." Further, in *Wyers*, the Alabama Supreme Court explains that a creditor's bill is effective on the date it is filed. 762 So. 2d at 356; 2 App. Doc. 67-6, pgs. 1-3.)Here, that date is December 1, 2020. (1 App. Doc. 34-1, pg. 14.)

The Alabama Code requires nothing more than a judgment against the third party to effectuate a creditor's bill which the third party must satisfy. This is analogous to *In re Marona*, 54 B.R. 65 (Bankr. N.D. Ala. 1985). In that case, the debtor was involved in an automobile accident, and pursuant to Alabama Code Section 32-7-6 (1975), posted a security deposit. *Id.* at 66. Debtor then filed bankruptcy and claimed that the security deposit was exempt. *Ibid*. The court concluded that the funds

were no longer part of debtor's estate because, by statute, the funds were only payable in satisfaction of any judgment "rendered against the person on whose behalf the deposit was made." *Id.* at 66 (citing 11 U.S.C. 541(a)(1) (1978)) (other citation omitted). Unlike a garnishment, the state court in Alabama needed to do nothing further to effectuate the creditor's bill. *Cf. In re Stephens*, 43 B.R. 97 (Bkrtcy. N.D. Ala. 1984); *In re Lewis*, 21 B.R. 926 (Bkrtcy. N.D. Ala. 1982).

Because the creditor's bill extinguished Dorand's property rights to the Morgan Stanley IRA effective December 1, 2020, that account is not part of the bankruptcy estate. *See* 11 U.S.C. 541(a)(1). Since Dorand's interest in the funds on deposit with Morgan Stanley was terminated effective December 1, 2020, the Bankruptcy Court had no authority to enter an order altering the rights established by the Alabama judgment.

## II.    The Alabama state court judgment in favor of Creditors and against Morgan Stanley created a right to setoff in favor of Morgan Stanley under 11 U.S.C. § 553.

The Bankruptcy Court improperly determined that a valid right of "setoff" did not exist under 11 U.S.C. § 553(a) because "the Debtor owes no debt to Morgan Stanley." (6 App. Doc. 230, pgs. 14-15.) This finding is clearly erroneous for two reasons. First, the Alabama judgment

established that Dorand owed Morgan Stanley the full amount of his funds on deposit to pay Morgan Stanley for the judgment entered against Morgan Stanley. Second, this finding could only be correct if the Alabama judgment is wrong. This requires the Bankruptcy Court to sit in judgment over the Alabama Court's decision. This is not allowed.

The Bankruptcy Court ruled there was no mutual debt between Dorand and Morgan Stanley. This is clearly erroneous. Prepetition, there was mutuality of debt Dorand to pay Morgan Stanley the amount of the judgment entered against Morgan Stanley, and Morgan Stanley to pay Dorand his account balances on demand. Under the broad definition of the term "debt" and the creditor-debtor relationship arising between Morgan Stanley and Dorand, Dorand became indebted to Morgan Stanley in the amount of the Alabama judgment against Morgan Stanley upon its entry on January 4, 2021 as amended on January 11, 2021. (2 App. Docs. 67-5, 67-6.) Likewise, under Alabama law, "when funds are deposited into a general account, the actual legal title to these funds is in the bank, with a debtor-creditor relationship existing as to the amount of the deposit." *Coffee Cnty. Bank v. Mitchum*, 634 So. 2d 148, 150 (Ala. Civ. App. 1993).

The right of setoff (also called "offset") allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding "the absurdity of making A pay B when B owes A." *Citizens Bank v. Strumpf*, 516 U.S. 16, 18, 116 S. Ct. 286, 289 (1995) (quoting *Studley v. Boylston Nat. Bank*, 229 U.S. 523, 528, 57 L. Ed. 1313, 33 S. Ct. 806 (1913)). Although no federal right of setoff is created by the Bankruptcy Code, 11 U.S.C. § 553(a) provides that, with certain exceptions, whatever right of setoff otherwise exists is preserved in bankruptcy. *Id.* Section 553(a) provides:

> Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case …"

*In re McKay*, 420 B.R. 871, 876-77 (Bankr. M.D. Fla. 2009) (citing 11 U.S.C. § 553(a)). Three elements must be present for the right of setoff to arise under Section 553(a): (i) the parties must have mutual **debts** owing to each other; (ii) the debts arose prepetition; and (iii) the setoff cannot fall within the three exceptions of Sections 553(a)(1), (2), or (3). *In re McKay*, 420 B.R. at 877 (citing 11 U.S.C. § 553(a); *In re Dillard Ford, Inc.*, 940 F.2d at 1512)). Under the U.S. Code, the term 'debt' means liability

on a claim." *Id.* at 876 (citing 11 U.S.C. § 101(12)). "Claim" is broadly

defined as:

> "a right to payment, whether or not such right is reduced to
> judgment, liquidated, unliquidated, fixed, contingent,
> matured, unmatured, disputed, undisputed, legal, equitable,
> secured, or unsecured[.]"

11 U.S.C. § 101(5)(A).

There can be no doubt the Alabama judgment against Morgan

Stanley also granted Morgan Stanley the right to recover its payment

from Dorand. (2 App. Doc. 67-6, pgs. 1-3.) This satisfies §101(5)(A)'s

definition of a claim in favor of Morgan Stanley that was prepetition.

Dorand had a prepetition right to payment of his monies on deposit. (1

App. Doc. 24, pg. 21.) Therefore, there were mutual, prepetition debts.

"Substantive law, usually state law, determines the validity of the

right [to setoff]." *In re Patterson*, 967 F.2d 505, 509 (11th Cir. 1992).

(citations omitted.). *See also In re Dillard Ford, Inc.*, 940 F.2d 1507, 1512

(11th Cir. 1991) (a setoff is valid if it complies with state law governing a

creditor's right to setoff and with section 533 of the Bankruptcy Code).

Under Alabama state law, a bank has the right of set-off to a customer's

account when the bank and the customer are in a debtor-creditor

relationship and there is mutuality of demands. *Azalea City Motels v.*

*First Ala. Bank*, 551 So. 2d 967, 979 (Ala. 1989) (citing *First City Nat'l Bank of Oxford v. Long-Lewis Hardware Co.*, 363 So. 2d 770, 773 (Ala. 1978)); *Atkinson v. Fed. Deposit Ins. Corp.*, 635 F.2d 508, 510-11 (5th Cir. 1981) (citing *King v. Porter*, 230 Ala. 112, 160 So. 101 (1935)). The debtor-creditor relationship is created when a customer deposits money into a bank account, thus transforming the deposit into a debt owed by the bank to the customer. *Azalea City Motels*, 551 So. 2d at 979 (citing *Rainsville Bank v. Willingham*, 485 So. 2d 319, 323 (Ala. 1986)).

In this case, Morgan Stanley was in a debtor-creditor relationship with Dorand arising from Dorand's funds on deposit with Morgan Stanley. *Azalea City Motels*, 551 So. 2d at 979; (1 App. Doc. 24, pg. 21.)While Morgan Stanley and Dorand were in this debtor-creditor relationship, the Alabama state court entered a judgment against Morgan Stanley under the statutorily created "creditor's bill." (2 App. Doc. 67-6, pgs. 1-3.). *See Wyers*, 762 So. 2d at 355, *supra*. Under Alabama law, Morgan Stanley "is entitled to the benefit of any set off, which, in his hands, could be made available by way of set off in any of the modes provided by law, as if the proceedings were one directly against [Morgan

Stanley] by [Dorand][…]" *State Nat'l Bank v. Towns*, 36 Ala. App. 677, 679 (Ct. App. Ala. 1952).

The Circuit Court of Tallapoosa County's judgment explicitly stated the rights to payment and the rights to the monies on deposit as between Morgan Stanley and Dorand in accordance with the rights granted under Alabama law set out in ALA. CODE § 6-6-180; *Patterson*, 967 F.2d at 509; *Dillard Ford*, 940 F.2d at 1512; *Azalea City Motels*, 551 So. 2d at 979; *Atkinson,* 635 F.2d at 510-11. "The general rule is that when a creditor's bill is brought to reach a debtor's assets in the hands of a third person, a judgment entered on the creditor's bill cannot exceed the value of those assets[…]" *Wyers at* 355. The bankruptcy court's ruling ignored the purpose of a creditor's bill in Alabama, to transfer the assets of the judgment debtor to his creditor through an equitable attachment, not to leave a third party holding the judgment debtor's bill.

The Bankruptcy Court's opinion relies on one case involving a probate dispute, *McKay*, to determine that a "debt" owed by Dorand to Morgan Stanley did not exist. (6 App. Doc. 230, pgs. 14-15.) *McKay* is distinguishable because it found the parties did not owe mutual debts to one another ***before*** that debtor filed for bankruptcy. 420 B.R. at 877. The

court explained that "Debtor's indebtedness of $47,683.46 arose from prepetition loans made by [Decedent]. The Debtor is entitled to distributions from the [Decedent's] Estate, which came into being after [Decedent]'s post-petition death. There is no mutuality of time between the loan debt and the Debtor's inheritance claim." *Id.* Here, the mutuality of debt existed prepetition as required by §553. Being a Florida case, *McKay* did not apply Alabama law, nor did it discuss the existence of a creditor-debtor relationship arising from a creditor's bill under Alabama Code § 6-6-180. *See* ALA. CODE § 6-6-180; *Patterson*, 967 F.2d at 509; *Dillard Ford*, 940 F.2d at 1512; *Azalea City Motels*, 551 So. 2d at 979; *Atkinson,* 635 F.2d at 510-11.

The Bankruptcy Court also erroneously determined that Morgan Stanley could not set off until it pays the state court judgment. (6 App. Doc. 230, pgs. 14-15.) The bankruptcy court erroneously concluded Dorand owed no debt to Morgan Stanley in spite of the Circuit Court of Tallapoosa County judgment expressly granting Morgan Stanley the right to setoff Dorand's funds to reimburse Morgan Stanley for the judgment entered against it under the creditor's bill. The bankruptcy court's ruling would leave Morgan Stanley owing a final and non-

appealable judgment from its own funds rather than allowing Morgan Stanley to essentially turnover Dorand's funds to the Alabama court as intended by the creditor's bill.

Further, the Bankruptcy Court's determination that Dorand owed no debt to Morgan Stanley without Morgan Stanley making the payment to the Circuit Clerk of Tallapoosa County ignores the fact that both Morgan Stanley's and Dorand's rights in these monies were finally determined by the Alabama judgment entered (as amended) on January 11, 2021, and treated as effective December 1, 2020. (2 App. Doc. 67-5, 67-6.; 6 App. Doc. 230, pgs. 14-15.) Morgan Stanley's obligation to make the payment and its right to use Dorand's funds to do so, were established and decided by the Alabama judgment prepetition and fulfilled the nature and purpose of a creditor's bill under Alabama law. See Code of Ala. §6-6-180, *et seq.*

## III. The *Rooker-Feldman* doctrine prohibits review of the state court judgment determining that the Morgan Stanley IRA is not exempt.

The Bankruptcy Court improperly determined that Dorand's attempt to relitigate the claim of exemption to retirement funds did not violate the *Rooker-Feldman* Doctrine, which prohibits a federal court

from reviewing and reversing a state court judgment. (6 App. Doc. 230, pg. 8, fn. 5.)

The *Rooker-Feldman* doctrine takes its name from two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983). *Bertram v. HSBC Mortg. Servs. (In re Bertram)*, 746 F. App'x 943, 948 (11th Cir. 2018). These decisions collectively hold that a federal district court may not review and reverse a state court civil judgment, because only the United States Supreme Court has appellate jurisdiction over judgments of state courts in civil cases. *Id.* (citing 28 U.S.C. § 1257; *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005)).

The *Rooker-Feldman* doctrine bars litigation in federal court of claims that were raised in the state court and those "inextricably intertwined" with the state court judgment. *Id.* (citing *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009)). "A claim is inextricably intertwined if it would effectively nullify the state court judgment, or it succeeds only to the extent that the state court wrongly decided the

issues." *Id.* (quoting *Casale*, 558 F.3d at 1260). The *Rooker-Feldman* doctrine applies in bankruptcy proceedings and is essential to the court's subject matter jurisdiction. *See Bertram,* 746 F. App'x at 948-49 (concluding that *Rooker-Feldman* deprived the court of jurisdiction in Chapter 7 bankruptcy proceeding to determine claims that sought to invalidate the state court's final foreclosure judgment); *Slizyk v. Smilack (In re Slizyk)*, 278 F. App'x 946, 948 (11th Cir. 2008) (*Rooker-Feldman* doctrine prohibited bankruptcy court from discharging debt in bankruptcy proceeding where state court divorce decree awarded debt to former husband).

The Bankruptcy's Court determination that the *Rooker-Feldman* doctrine did not apply implicates two judgments from the Alabama state court: (1) the judgment denying Dorand's claim of exemption to the Morgan Stanley IRA, and (2) the judgment ordering Morgan Stanley to pay all the funds in Dorand's Morgan Stanley accounts (including the IRA account) to the Circuit Clerk of Tallapoosa County in partial satisfaction of the judgment entered against Morgan Stanley personally. (2 App. Docs. 67-4, 67-6.)

The Alabama judgment explicitly denies Dorand's claim of exemption and adjudicates the interest in those monies and establishes the rights in the Morgan Stanley accounts for both Dorand and Morgan Stanley. (2 App. Docs. 67-4, 67-6.) The Bankruptcy Court's ruling that the very same exemption is **_granted_** is the exact opposite of the Alabama judgment. Both cannot be right. Dorand's arguments in the bankruptcy court can only succeed if the judgment of the Alabama Court is wrong. This is exactly what *Rooker-Feldman* prohibits.

Also, the judgment of the Bankruptcy Court indicates that Dorand still has an interest in the Morgan Stanley accounts, when the Alabama judgment expressly terminated Dorand's interest in the Morgan Stanley accounts. Again, there are no rights for the Florida Bankruptcy Court to adjudicate unless that court nullifies the Alabama judgment.

This Bankruptcy Court's ruling was made directly into the teeth of the Alabama judgment which states : "… the Claim of Exemption filed by Defendant [Dorand] is hereby DENIED." (2 App. Docs. 67-4.)The Bankruptcy Court gave no weight to the fact that Dorand failed in multiple efforts to obtain appellate relief from the judgment of the Circuit Court of Tallapoosa County, Alabama in the Supreme Court of Alabama.

If the Circuit Court of Tallapoosa County, Alabama was clearly wrong, then the Alabama Supreme Court would have granted any one of several of Dorand's efforts to thwart that judgment. (2 App. Docs. 67-10, 67-11.)

Dorand's claim of exemption to retirement funds in the very same Morgan Stanley accounts the Alabama judgment ordered liquidated served only one purpose: to review and reverse the Alabama state court judgment with which Dorand disagreed, thus directly implicating *Rooker-Feldman. Bertram*, 746 F. App'x at 948. Dorand filed his bankruptcy petition less than two weeks after the Alabama Supreme Court *denied his second request* for stay of the Alabama judgment. (2 App. Docs. 67-12, 67-13.) Throughout the bankruptcy proceeding, Dorand consistently took positions that would render the Alabama judgment a nullity. At a most basic level, Dorand claimed that the Morgan Stanley IRA was exempt from the satisfaction of his debts, which include the judgment rendered in favor of the Alabama Creditors. (1 App. Doc. 24, pg. 21.) Dorand denied that the Alabama judgments should be given any effect, arguing that the Florida Bankruptcy Court should ignore the Alabama judgment and determine exemptions by applying *Florida* state

law exemptions rather than respecting and giving full faith and credit to, the existing Alabama judgments. (3 App. Doc. 103, pgs. 8-20.)

Dorand asserted that the factual determinations by the Alabama state court were wrongly decided. The *Rooker-Feldman* doctrine serves to bar these inextricably intertwined claims. Dorand's bankruptcy claim of exemption could only be granted by ignoring the final Alabama judgment denying Dorand's claim of exemption as to the Morgan Stanley accounts. This is and has always been an effort to improperly nullify the Alabama judgments. 746 F. App'x at 948 (citing *Casale*, 558 F.3d at 1260).

Alabama Creditors are mindful of this Court's admonishment about the limited application of the *Rooker-Feldman* doctrine. *See Behr v. Campbell*, 8 F.4th 1206, 1212 (11th Cir. 2021); *Mizell v. Wells Fargo Bank, N.A.*, No. 22-12119, 2023 U.S. App. LEXIS 1660, at *3-5 (11th Cir. 2023) (limiting application in foreclosure when not actually complaining about underlying order but about non-judicial foreclosure). But this is not simply a state court claim that is merely related to Dorand's bankruptcy. Rather, this is the exact situation that this Court previously indicated would rarely occur. Dorand's claim of exemption to retirement funds is

"[an] appeal [] of state court judgments in district courts whether the plaintiff admits to filing a direct appeal or tries to call the appeal something else. *Behr*, 8 F.4th at 1211. The injury to the plaintiff must be caused by the judgment itself. *Id.* The question isn't whether the whole complaint seems to challenge a previous state court judgment, but whether the resolution of each individual claim requires review and rejection of a state court judgment. *Id.* at 1213." *Mizell* , No. 22-12119, 2023 U.S. App. LEXIS 1660, at *4. This is the exact scenario described in *Mizell.*

Here, Dorand is the state court loser seeking a different ruling on his retirement fund exemption than he got in the Alabama litigation. Dorand is complaining directly of the effect of the Alabama judgment and inviting reversal by seeking a positive ruling on his claim of exemption. A ruling Dorand had lost in Alabama that was already final and non-appealable when Dorand filed his petition in bankruptcy.

Once Dorand filed his bankruptcy petition, Dorand continuously invited the Bankruptcy Court to review and reject every aspect of the Alabama judgements, so far successfully. *Id.* (citing *Exxon Mobil*, 544 U.S. at 284). (3 App. 180, pgs. 1-27.) Dorand even sought emergency relief

in the Bankruptcy Court when Morgan Stanley paid the proceeds of the Morgan Stanley accounts to the Trustee. (1 App. Doc. 65, pgs. 1-3.) This is exactly the type of relitigation *Rooker-Feldman* forbids, and this Court should not countenance. *Mizell* does not counsel otherwise.

## IV. The Alabama State Court Judgment Must be Given Preclusive Effect Under Full Faith and Credit and Collateral Estoppel

The Bankruptcy Court improperly determined that it did not need to give preclusive effect to the Alabama state court judgment that determined Dorand's and Morgan Stanley's rights in the Morgan Stanley accounts and denied Dorand's claim of exemption to retirement funds. (6 App. Doc. 230, pgs. 4-10.)

### A. *The premise of the Bankruptcy Court's decision – that Debtor gets a second chance at an exemption – runs contrary to Full Faith and Credit Clause*

The preclusive effect of a state court judgment in a subsequent federal lawsuit generally is determined by the full faith and credit statute, which provides that state judicial proceedings "shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken." *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380, 105 S. Ct. 1327, 1331-32 (1985) (citing 28 U. S. C. § 1738); U.S.

Const., Art. IV, § 1. The U.S. Supreme Court explains that preclusive

effect of a judgment from one of the States:

> Regarding judgments, however, the full faith and credit
> obligation is exacting. A final judgment in one State, if
> rendered by a court with adjudicatory authority over the
> subject matter and persons governed by the judgment,
> qualifies for recognition throughout the land. For claim
> and issue preclusion (res judicata) purposes, in other
> words, the *judgment of the rendering State gains
> nationwide force.* (Emphasis supplied)

*Baker by Thomas v. Gen. Motors Corp.,* 522 U.S. 222, 233 (1998).

More importantly, the full faith and credit clause also precludes any

inquiry into the merits of the cause of action, the logic or consistency of

the decision, or the validity of the legal principles on which the judgment

is based. *Milliken v. Meyer*, 311 U.S. 457, 462 (1940), *accord V.L. v. E.L.,*

577 U.S. 404, 407 (2016) The requirements of full faith and credit apply

in federal bankruptcy proceedings. *See In re Murray*, 442 B.R. 831, 832-

33 (Bankr. M.D. Fla. 2010) (applying res judicata and Full Faith and

Credit Act to question of whether to accord state court charging order

with preclusive effect in bankruptcy proceeding); *Bush v. Balfour Beatty

Bahamas (In re Bush)*, 62 F.3d 1319, 1322 (11th Cir. 1995) (the principles

of collateral estoppel apply in discharge exception proceedings in

bankruptcy court); *Harris v. Jayo (In re Haris)*, 3 F.4th 1339, 1343-44

(11th Cir. 2021) (same).

The Bankruptcy Court erroneously rejected Alabama Creditors' argument that the state court's judgment denying Dorand's claim of exemption to retirement funds and adjudicating rights with respect to the Morgan Stanley accounts should have preclusive effect. (6 App. Doc. 230, pgs. 4-10.) Under the Bankruptcy Code, an exemption is an interest withdrawn from the estate (and hence from the creditors) for the benefit of the debtor. *Owen v. Owen*, 500 U.S. 305, 308 111 S. Ct. 1833 (1991); 11 U.S.C.S. § 522. Section 522 determines what property a debtor may exempt. *Id.* Under § 522(b), a debtor must select between a list of federal exemptions (set forth in § 522(d)) and the exemptions provided by the debtor's State, "unless the State law that is applicable to the debtor . . . specifically does not so authorize," § 522(b)(1) -- that is, unless the State "opts out" of the federal list. *Id.* If a State opts out, then its debtors are limited to the exemptions provided by state law. *Id.*

The Bankruptcy Court wrongly rejected the Alabama Creditors' preclusion arguments finding "the timing is off." (6 App. Doc. 230, pgs. 9.) In other words, because the bankruptcy proceeding was not yet pending at the time of the earlier state action, the exemption issues could

not have been determined by the Alabama court. The Bankruptcy Court relied on this court's opinion, *Yerian*, for the proposition that "a claim of exemption is to be determined as of the petition date." *Yerian v. Webber (In re Yerian)*, 927 F.3d 1223, 1229 (11th Cir. 2019) (*In re Fodor*, 339 B.R. 519, 521 (Bankr. M.D. Fla. 2006)). However, *Yerian* does not include any discussion of collateral estoppel and full faith and credit principles.

Under the Bankruptcy Court's reasoning, collateral estoppel could *never* bar re-litigation of a claim of exemption occurring before the filing of a bankruptcy petition. This contradicts existing case law. "Claims that are germane to the Bankruptcy Code — including discharge and dischargeability claims — could not arise in state law proceedings. Instead of eliminating use of the preclusion doctrine, bankruptcy courts look beyond the state court claim or cause of action and compare the elements of the claims in which judgment was rendered to the requisite elements of the claims arising in the Bankruptcy Code and apply the factual findings to a bankruptcy-based cause of action. *Santa Ana Unified Sch. Dist. v. Montgomery (In re Montgomery)*, 489 B.R. 609, 621 (Bankr. N.D. Ga. 2013) (citing *Grogan v. Garner, Grogan v. Garner*, 498 U.S. 279, 284, 111 S. Ct. 654 (1991); *St. Laurent v. Ambrose (In re St.*

*Laurent)*, 991 F.2d 672, 676 (11th Cir. 1993)*)*.

Dorand made the decision to litigate his claim of exemption to retirement funds in the Alabama action. Dorand lost that question in Tallapoosa County, Alabama. (2 App. Doc. 67-6, pgs. 1-3.) Dorand then made multiple attempts to appeal that ruling and stay the judgment, all of which the Alabama Supreme Court denied. (2 App. Docs. 67-10, 67-11, 67-12, 67-13.)

Only after all these efforts failed, did Dorand seek and receive the opportunity to litigate the exact same question again in the Florida bankruptcy proceeding. Dorand then won the very same question Dorand had previously lost in the Alabama judgment. There was no claim before the Florida Bankruptcy Court that the Alabama judgment was void because the Alabama court lacked jurisdiction over Dorand. *Baker by Thomas,* 522 U.S. at 233. Rather, Dorand's bankruptcy arguments were squarely rooted in overturning the *merits* of the Alabama judgment. This is exactly what full faith and credit should prevent. *Milliken*, 311 U.S. at 462; *V.L.,* 577 U.S. at 407. Allowing this decision to stand will multiply litigation as far as creative lawyers can stretch their minds. No case will ever be finally adjudicated, no petitioner will ever get final relief. There

will only be litigation on top of litigation.

The Bankruptcy Court's ruling contradicting the Alabama judgment also runs contrary to long recognized principles designed to avoid re-litigation of issues and meant to hold litigants to their strategic decisions in the prior lawsuit. *Shahar v. Bowers*, 120 F.3d 211, 213 (11th Cir. 1997); *Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020) ("[A]s a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them and are responsible for advancing the facts and argument entitling them to relief."). Dorand should not be allowed to continue to ask the same question that has been adversely decided until he finds a court willing to decide in his favor.

### B. Collateral Estoppel bars the re-litigation of the issue of whether the Morgan Stanley IRA

The Alabama Creditors demonstrated the elements of collateral estoppel are all present in this case. The Bankruptcy Court should have applied issue preclusion to prevent the Debtor from claiming any exemption that he was denied by the Alabama judgment. The full faith and credit statute directs a federal court to refer to the preclusion law of the State in which judgment was rendered. *Marrese,* 470 U.S. at 380. As this court explained in *St. Laurent,* "[i]f the prior judgment was rendered

44

by a state court, then the collateral estoppel law of that state must be applied to determine the judgment's preclusive effect." *St. Laurent v. Ambrose (In re St. Laurent)*, 991 F.2d 672, 675-76 (11th Cir. 1993). Here, this is the law of Alabama.

Collateral estoppel, or issue preclusion, bars re-litigation of an issue previously decided in judicial or administrative proceedings if the party against whom the prior decision is asserted had a "full and fair opportunity" to litigate that issue in an earlier case. *Id.* (citing *Allen v. McCurry,* 449 U.S. 90, 95, 101 S. Ct. 411, 415, 66 L. Ed. 2d 308 (1980)). "Alabama law on the doctrines of res judicata and collateral estoppel is substantively the same as federal law." *McCulley v. Bank of Am., N.A.*, 605 F. App'x 875, 878 (11th Cir. 2015).

> For the doctrine of collateral estoppel to apply, the following elements must be established: (1) that an issue in a prior action was identical to the issue litigated in the present action; (2) that the issue was actually litigated in the prior action; (3) that resolution of the issue was necessary to the prior judgment; and (4) that the same parties are involved in the two actions.

*Lee L. Saad Const. Co., Inc. v. DPF Architects, P.C.,* 851 So. 2d 507, 520 (Ala. 2002).

Element one of collateral estoppel is satisfied – the issue in the Alabama state action is identical to the issue litigated in the Bankruptcy Court. As with a proceeding in bankruptcy, Alabama state law allows the determination of whether an asset, such as a retirement fund, is exempt. *Compare Owen*, 500 U.S. at 308; 11 U.S.C.S. § 522 *with* ALA. CODE § 6-10-1, *et seq.* (setting forth property that is exempt form levy). In the Alabama State Court action, Dorand argued that the Morgan Stanley IRA was an exempt asset as his retirement fund. (1 App. Doc. 67-1, pgs. 1-6.) After litigating the issue, the Alabama court ruled the asset was not exempt. (2 App. Doc. 67-5, pgs. 1-2.) After losing in the Alabama court, Dorand asserted in the Florida Bankruptcy Court that his Morgan Stanley IRA was exempt as retirement funds. (1 App. Doc. 24, pg. 21.)

Therefore, this issue is identical, and the first element of collateral estoppel is satisfied. *Lee L. Saad Const. Co.,* 851 So. 2d at 520.

Element two of collateral estoppel is satisfied – the issue of whether Dorand's retirement funds were exempt (including the Morgan Stanley IRA account) was actually litigated in the Alabama state court. *Lee L. Saad Const. Co.,* 851 So. 2d at 520. "Only issues actually decided in a former action are subject to collateral estoppel." *Leverette By and*

*Through Gilmore v. Leverette*, 479 So. 2d 1229, 1237 (Ala. 1985). A recent

Alabama bankruptcy case explains the actually litigated requirement:

> While collateral estoppel requires that the relevant issues be "actually" or "fully" litigated in the prior action, these principles do not measure the quality or quantity of arguments made during the litigation or at trial. Satisfaction of this element only requires: (i) **"that the issue has been effectively raised in the prior action, either in the pleadings or through development of the evidence and argument at trial or on motion"**; and (2) **"that the losing party had 'a fair opportunity procedurally, substantively and evidentially'** to contest the issue." *In re Bush,* 62 F. 3d at 1323 (citing *Overseas Motors, Inc. v. Import Motors*, 375 F. Supp. 499, 516 (E.D. Mich. 1974), *aff'd* 519 F.2d 119 (6th Cir.)).

*In re Jones*, 611 B.R. 685, 697 (Bankr. M.D. Ala. 2020) (Emphasis in

original).

The Alabama state action litigated the exact question presented in

the Bankruptcy Court, whether Dorand could claim an exemption for his

retirement funds. The issue appears in the parties' pleadings. (2 App.

Doc. 67-5, pgs. 1-2.) Dorand introduced the exemption issue into the

Alabama litigation by claiming an exemption for his retirement funds

after being served with a notice of garnishment on the Morgan Stanley

accounts. (1 App. Doc. 67-1, pgs. 1-6.)

The Alabama Creditors objected to Dorand's claim of exemption. (1 App. Doc. 67-2, pgs. 2-17.) The Creditors submitted evidence supporting their objection. (2 App. Doc. 67-3, pgs. 1-17.) The Alabama Court considered pleadings, exhibits, submissions, and oral arguments on the question and denied Dorand's claim of exemption for retirement funds and ordered the Morgan Stanley IRA account liquidated to pay back Morgan Stanley for the judgment entered against Morgan Stanley in the creditor's bill. (2 App. Doc. 67-4, pgs. 1-2.)

The Alabama judgment adversely decided Dorand's claim of exemption to retirement funds (2 App. Doc. 67-4, pgs. 1-2.) and also adjudicated rights in the funds held in the Morgan Stanley accounts as between Morgan Stanley and Dorand including expressly finding the accounts were not protected by an exemption. (2 App. Doc. 67-6, pgs. 1-3.) Dorand then appealed that decision to the Alabama Supreme Court and was turned away there on multiple occasions. (2 App. Docs. 67-10, 67-11, 67-12, 67-13.) There is no doubt this very question was actually litigated. Dorand was represented by counsel throughout the state court litigation on this controversy. Dorand was given "a fair opportunity procedurally, substantively, and evidentially" to put forward his position.

The issue was decided adversely to Dorand. This satisfies the "actually litigated" prong of the collateral estoppel analysis. This satisfies element two of collateral estoppel. *Lee L. Saad Const. Co.,* 851 So. 2d at 520.

Element three of collateral estoppel is satisfied – the resolution of whether Dorand could claim the exemption to his retirement funds and protect the Morgan Stanley IRA from liquidation was necessary to the prior Alabama judgment. The Alabama judgment expressly resolved the issue of the exemption claim as to retirement funds, disposed of Dorand's interest in the Morgan Stanley accounts, and authorized Morgan Stanley to set off the judgment against it by using the funds from Dorand's accounts to satisfy the creditor's bill judgment. (2 App. Doc. 67-4, pgs. 1-2, Doc. 67-6, pgs. 1-3.) Therefore, element three of collateral estoppel is satisfied. *Lee L. Saad Const. Co.,* 851 So. 2d at 520.

Element four of collateral estoppel is satisfied – the litigation in Alabama State Court involved the same parties as the bankruptcy. Alabama Creditors appeared through the personal representatives of their respective estates, and under Alabama law, the Personal Representative stands in the shoes of the deceased. (1 App. Doc. 67-2, pg. 1.)"We recognize that an administratrix of a decedent's estate stands in

the shoes of the decedent. We also recognize that the [p]owers [of an executor], in collecting the debts constituting the assets of the estate, are just as broad as those of the deceased." *SouthTrust Bank v. Ford*, 835 So.2d 990, 993 (Ala. 2002) (Internal citations and quotations omitted). Dorand was also a party to the Alabama collections proceedings. (2 App. Doc. 67-4, pgs. 1-2, Doc. 67-6, pgs. 1-3.) Because the two suits involve the same parties, element four of collateral estoppel is satisfied. *Lee L. Saad Const. Co.,* 851 So. 2d at 520.

Because all of the elements are satisfied, the Bankruptcy Court could not allow Dorand to relitigate this question without running afoul of this Circuit's controlling law.

## CONCLUSION

The Bankruptcy Court failed to give effect to the prior Alabama judgment. In so doing, the Bankruptcy Court entertained, authorized, and ultimately granted a collateral attack on the Alabama judgment intended to render that judgment a nullity. This cannot be. Parties must not be allowed to roam to and for seeking a friendly forum whenever they are disappointed in the outcome of litigation they initiated.

This is not golf, there are no mulligans. Parties are promised one opportunity to litigate their claim fully and fairly to a conclusion. When parties litigate, the loser is always disappointed. Disappointed losers do not get to "tee it up" for a second chance in a new forum and request a different outcome. That is why our judgments are given national effect under the full faith and credit clause. Dorand was improperly granted a second bite at the apple by the Florida Bankruptcy Court. The Alabama Creditors are now before this Court seeking relief from this error.

Respectfully submitted,

*/s/ Nick Wooten*
Nick Wooten

*Attorney for Appellants-Plaintiffs*

Dated: February 21, 2023

# CERTIFICATE OF COMPLIANCE

1.      This brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7) and Circuit Rule 32(c) because this brief contains 10,039 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2.      This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and Circuit Rule 32(b), as well as the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in Century Schoolbook 12-point font.

Dated:  February 21, 2023

*/s/ Nick Wooten*
Nick Wooten

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2023, I electronically filed the foregoing with the Clerk of the Court of the United States Court of Appeals for the Seventh Circuit via the CM/ECF system and further certify that all participants in this case are registered CM/ECF users and were served via the CM/ECF system.

*/s/ Nick Wooten*
Of Counsel