No. 22-14113

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

**THE ALABAMA CREDITORS,** *et al.*

Plaintiffs-Appellants,

v.

**RODNEY DIXON DORAND,**

Defendant-Appellee.

**ON DIRECT APPEAL FROM UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION
NO. 21-30205-HAC**

**MORGAN STANLEY SMITH BARNEY, LLC'S
BRIEF AS *AMICUS CURIAE***

A. Inge Selden, III
Louis F. Mendez
BRESSLER, AMERY & ROSS, P.C.
2001 Park Place, Suite 1500
Birmingham, Alabama 35203
(205) 719-0400
iselden@bressler.com
lmendez@bressler.com

*Attorneys for Amicus Curiae
Morgan Stanley Smith Barney, LLC*

No. 22-14113
THE ALABAMA CREDITORS, *et al.* v. RODNEY DIXON DORAND

**CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT**

*Amicus Curiae* Morgan Stanley Smith Barney, LLC submits the following list of the trial judge, and all attorneys, persons, associations of persons, firms, partnerships, corporations, and other identifiable legal entities related to parties that have an interest in this case.

1. Bressler, Amery & Ross, P.C. (Attorney for *Amicus Curiae*);

2. Callaway, Hon. Henry A. (Presiding Judge);

3. Chancellor, Sherry (Chapter 7 Trustee);

4. DC LAW, PLLC (Attorney for Appellants);

5. Dorand, Rodney Dixon (Appellee);

6. Mendez, Louis F. (Attorney for *Amicus Curiae*);

7. Moorhead Law Group, PLLC (Attorney for Appellee);

8. Morgan Stanley (Corporate Parent of *Amicus Curiae*)

9. Morgan Stanley Capital Management, LLC (Corporate Parent of *Amicus Curiae*);

10. Morgan Stanley Domestic Holdings, Inc. (Corporate Parent of *Amicus Curiae*);

11. Morgan Stanley Smith Barney, LLC (*Amicus Curiae*);

12. Powell, Robert A. (Attorney for Appellee);

13. Selden, III, A. Inge (Attorney for *Amicus Curiae*);

14. The Alabama Creditors – The Estates of Robert Moss and Brenda Moss by Danae Brown, Executrix, and The Estates of Charles Saunders and Peggy Saunders by Amanda Andrews, Administrator of the Saunders' Estates (Appellants);

15. Von Hoene Law Firm (Attorney for Appellee);

16. Von Hoene, William (Attorney for Appellee); and

17. Wooten, Nicholas H. (Attorney for Appellants)

Pursuant to Fed. R. App. P. 26.1 and 11th Cir. R. 26.1-1 through 26.1-3, *Amicus Curiae* Morgan Stanley Smith Barney, LLC makes the following statements as to corporate ownership:

Morgan Stanley Smith Barney LLC is a limited liability company whose sole member is Morgan Stanley Domestic Holdings, Inc., a corporation wholly owned by Morgan Stanley Capital Management, LLC, a limited liability company whose sole member is Morgan Stanley.

Morgan Stanley is a publicly held corporation whose stock is traded on the New York Stock Exchange with stock ticker symbol "MS" and has no parent corporation. Based on the Securities and Exchange Commission Rules regarding beneficial ownership, Mitsubishi UFJ Financial Group, Inc., 7-1 Marunouchi 2-

chome, Chiyoda-ku, Tokyo 100-8330, beneficially owns greater than 10% of Morgan Stanley's outstanding common stock.

*/s/ Louis F. Mendez*  
One of the Attorneys for *Amicus Curiae*  
Morgan Stanley Smith Barney, LLC

# TABLE OF CONTENTS

**CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT** ......................................................................... C-1

**TABLE OF CONTENTS** ................................................................................. i

**TABLE OF CITATIONS** ............................................................................... ii

**IDENTITY AND INTEREST OF *AMICUS CURIAE*, AND SOURCE OF AUTHORITY TO FILE BRIEF** ......................................................................... 1

**STATEMENT REGARDING PREPARATION OF BRIEF** ............................. 2

**STATEMENT OF THE ISSUE** ...................................................................... 2

**SUMMARY OF THE ARGUMENT** .............................................................. 2

**ARGUMENT** ................................................................................................. 3

    I.    **The Creditor's Bill Is Not a Personal Judgment Against Morgan Stanley** ............................................................................................. 3

    II.    **The Creditor's Bill Is a Nullity** ........................................................ 5

**CONCLUSION** .............................................................................................. 7

**CERTIFICATE OF COMPLIANCE** ............................................................... 8

**CERTIFICATE OF SERVICE** ........................................................................ 9

# TABLE OF CITATIONS

**Cases**

*Baker v. Bennett*, 660 So. 2d 980 (Ala. 1995) ............................................................. 6

*Burke v. Josiah Morris & Co.*, 25 So. 759 (Ala. 1898) ............................................. 5

*Carns v. Filler*, 117 So. 672 (Ala. 1928) ..................................................................... 6

*Davenport & Harris Funeral Homes v. Kennedy*, 11 So. 2d 379 (Ala. 1943) .......... 6

*Douglas Cotton Oil Co. v. Ala. Mach. & Supply Co.*, 87 So. 342 (Ala. 1920) ......... 6

*Harrison v. Am. Agric. Chem. Co.*, 220 Ala. 695 (Ala. 1930) .................................. 6

*Henderson v. Hall*, 32 So. 840 (Ala. 1901) ................................................................ 6

*Mixon v. Dunklin*, 48 Ala. 455 (Ala. 1872) ............................................................... 5

*Ryals v. Lathan Co.*, 77 So. 3d 1175 (Ala. 2011) ...................................................... 3

*Wyers v. Keenon*, 762 So. 2d 353 (Ala. 1999) ...................................................... 3, 4

**Statutes**

Ala. Code § 6-6-180 ..................................................................................................... 5

**Treatises**

21 Am. Jur. 2d *Creditors' Bills* § 75 (1981) ............................................................... 3

# IDENTITY AND INTEREST OF *AMICUS CURIAE*, AND SOURCE OF AUTHORITY TO FILE BRIEF

Morgan Stanley Smith Barney, LLC's ("Morgan Stanley") interest in this appeal is that it solely relates to whether Defendant-Appellee Rodney Dixon Dorand's ("Dr. Dorand") funds previously held in his Morgan Stanley individual retirement account (the "Morgan Stanley IRA") are exempt. Plaintiffs-Appellants The Alabama Creditors seek to collect the funds held in the Morgan Stanley IRA to satisfy a $1.6 million default judgment they obtained against Dr. Dorand in Alabama state court in 2015.

The Alabama Creditors repeatedly misstate in their Appellants' Brief that the creditor's bill issued by the Circuit Court of Tallapoosa County, Alabama pursuant to Ala. Code § 6-6-180, *et seq.* and directed to Morgan Stanley (the "Creditor's Bill") is a judgment directly against Morgan Stanley and a judgment for which Morgan Stanley is personally liable. The Alabama Creditors have also stated to Morgan Stanley that they intend to attempt to collect directly against Morgan Stanley pursuant to the Creditor's Bill in the event that their appeal is unsuccessful and Dr. Dorand's Morgan Stanley IRA funds remain exempt. *See* Doc. 180-4. Thus, Morgan Stanley seeks to ensure that: (1) the briefing before this Court accurately reflects the nature and scope of the Creditor's Bill; and (2) any ruling from this Court cannot later be used by The Alabama Creditors to attempt to collect directly against Morgan Stanley pursuant to the Creditor's Bill.

On [DATE], this Court issued an order granting Morgan Stanley's motion for leave to file its brief as *amicus curiae*.

## STATEMENT REGARDING PREPARATION OF BRIEF

The parties' counsel did not author any part of Morgan Stanley's brief.

The parties and their counsel did not contribute any money to fund the preparation of Morgan Stanley's brief.

No person other than *amicus curiae*, its members, and its counsel contributed any money to fund the preparation of Morgan Stanley's brief.

## STATEMENT OF THE ISSUE

Whether the creditor's bill issued by the Circuit Court of Tallapoosa County, Alabama pursuant to Ala. Code § 6-6-180, *et seq.* and directed to Morgan Stanley constitutes a valid, personal judgment against Morgan Stanley.

## SUMMARY OF THE ARGUMENT

The creditor's bill is not a personal judgment against Morgan Stanley because a creditor's bill cannot result in a personal judgment against a third party as a matter of law.

The creditor's bill was procedurally improper because Alabama law requires a separate action to be filed in order to obtain a creditor's bill.

# ARGUMENT

## I. The Creditor's Bill Is Not a Personal Judgment Against Morgan Stanley

The Alabama Creditors refer to the creditor's bill issued by the Circuit Court of Tallapoosa County, Alabama pursuant to Ala. Code § 6-6-180, *et seq.* and directed to Morgan Stanley (the "Creditor's Bill") as a judgment against Morgan Stanley no less than 30 times in their Brief. *See* Appellants' Br. at 4-6, 10-16, 19, 24-26, 28-29, 31-32, 34, 48-49. Indeed, The Alabama Creditors declaratively state that the Creditor's Bill "ordered Morgan Stanley to personally pay an amount equal to the funds on deposit in [Dr.] Dorand's accounts" and "leave[s] Morgan Stanley owing a final and non-appealable judgment from its own funds." *See id.* at 15, 31-32. The Alabama Creditors' repeated statements regarding the nature of the Creditor's Bill run directly contrary to black letter Alabama law.

The Creditor's Bill did not result in a personal judgment against Morgan Stanley as a matter of law. *See Wyers v. Keenon*, 762 So. 2d 353, 355-56 (Ala. 1999); *see also Ryals v. Lathan Co.*, 77 So. 3d 1175, 1182 (Ala. 2011) (Murdock, J., concurring) (citing *Wyers* and stating "[t]he amended complaint was an effort to obtain a 'personal judgment' against a new defendant and thus was not a 'creditor's bill.'"); 21 Am. Jur. 2d *Creditors' Bills* § 75 (1981) ("Where the suit is brought to subject assets in the hands of third persons to the payment of a judgment debt, a personal judgment will not be entered against them for the full amount of the

3

creditor's claim in the absence of anything to show that they had become personally liable therefore.").

In their brief, The Alabama Creditors quote *Wyers* as follows,

> "The general rule is that when a creditor's bill is brought to reach a debtor's assets in the hands of a third person, a judgment entered on the creditor's bill cannot exceed the value of those assets […]"

*See* Appellants' Br. at 30 (quoting *Wyers*, 762 So. 2d at 355). The Alabama Creditors' creative use of an ellipsis omits the following language from the full quote from *Wyers*,

> "The general rule is that when a creditor's bill is brought to reach a debtor's assets in the hands of a third person, a judgment entered on the creditor's bill cannot exceed the value of those assets **and a personal judgment cannot be rendered against that third person.**"

*Wyers*, 762 So. 2d at 355-56 (emphasis added to demonstrate omitted language). The full quote from *Wyers* makes abundantly clear that the Creditor's Bill does not and cannot constitute a personal judgment against Morgan Stanley. Furthermore, The Alabama Creditors' omission of these 11 words from their quotation does not appear to merely be an oversight as they previously included the full quote from *Wyers* in their briefing to the Bankruptcy Court. *See* Doc. 186 at 20-21. To the contrary, The Alabama Creditors' selective quotation of *Wyers* appears solely perpetrated to create the misimpression that the Creditor's Bill equates to a personal judgment against Morgan Stanley in the hopes of collecting directly against Morgan Stanley in the event they are unsuccessful in this appeal. Morgan Stanley seeks to ensure that any

4

ruling issued from this Court reflects the true nature of the Creditor's Bill in order to protect itself from any future collection efforts by The Alabama Creditors.

II. **<u>The Creditor's Bill Is a Nullity</u>**

The Creditor's Bill is also a nullity because it was issued in the same action as the underlying default judgment against Dr. Dorand. A creditor's bill could only properly be issued in a separate equitable proceeding. The Alabama creditor's bill statute specifically states,

> When an execution for money from any court has been issued against a defendant and is not satisfied, the plaintiff, or the person for whose benefit such execution is sued out, **may file a complaint against such defendant**…

Ala. Code § 6-6-180 (emphasis added). Furthermore, Alabama cases addressing creditor's bills consistently reference the institution of separate equitable proceedings by the judgment creditor in order to obtain the creditor's bill:

- *Mixon v. Dunklin*, 48 Ala. 455, 455 (Ala. 1872)
    - "The appellant filed his bill on the 11th of March, 1868, to subject to the payment of his judgment recovered against the appellee, Mrs. Dunklin, on the 21st of May, 1867…"

- *Burke v. Josiah Morris & Co.*, 25 So. 759, 761 (Ala. 1898)
    - "Unquestionably this bill contains equity under section 814 of the Code which authorizes a judgment creditor whose execution has been returned unsatisfied to go into chancery to compel the discovery of any property belonging to the debtor or held in trust for him."

- *Henderson v. Hall*, 32 So. 840, 845 (Ala. 1901)

    - "The bill in this case is filed by Joseph L. Hall and Louis B. Farley, the assignees of a judgment recovered for the Farley National Bank, against the Alabama Terminal and Improvement Company--hereinafter called the Terminal Company."

- *Douglas Cotton Oil Co. v. Ala. Mach. & Supply Co.*, 87 So. 342, 343 (Ala. 1920)

    - "This bill is filed by the complainants [appellees here], as contract creditors of the Samson Cotton Oil, Gin & Fertilizer Company, against the appellant Douglass Cotton Oil Company…"

- *Carns v. Filler*, 117 So. 672, 673 (Ala. 1928)

    - "The appellee is a judgment creditor of defendant the Mineral City Land Company, with execution returned 'No property found,' and files the bill in this cause, seeking to subject to the satisfaction of his judgment the assets of the corporation…"

- *Harrison v. Am. Agric. Chem. Co.*, 220 Ala. 695, 695-96 (Ala. 1930)

    - "This bill was filed by the appellee, American Agricultural Chemical Company, a judgment creditor of J. J. Harrison, after return of execution 'No property found,' to set aside certain deed made by Harrison and his wife to their children…"

- *Davenport & Harris Funeral Homes v. Kennedy*, 11 So. 2d 379, 380 (Ala. 1943)

    - "The bill in this case was filed in equity by a judgment creditor of V. L. Harris and against appellant, a corporation, as sole respondent."

- *Baker v. Bennett*, 660 So. 2d 980, 981 (Ala. 1995)

    - "The Bennetts then filed an equitable proceeding pursuant to § 6-6-180 et seq., Ala. Code 1975, seeking discovery of assets and an order directing Baker to transfer property to satisfy the judgment."

Here, The Alabama Creditors did not institute a separate equitable proceeding to obtain the Creditor's Bill. *See* Doc. 180-1 (denoting original 2009 case number). Therefore, the Creditor's Bill is procedurally improper and is a nullity.

## CONCLUSION

Morgan Stanley submits its brief as *amicus curiae* to ensure the Court is accurately apprised of the nature of the Creditor's Bill. The Creditor's Bill did not result in a personal judgment directly against Morgan Stanley as a matter of law and, furthermore, is a procedurally improper nullity.

Dated: March 1, 2023

Respectfully submitted,

*/s/ Louis F. Mendez*
A. Inge Selden, III
Louis F. Mendez
BRESSLER, AMERY & ROSS, P.C.
2001 Park Place, Suite 1500
Birmingham, Alabama 35203
(205) 719-0400
iselden@bressler.com
lmendez@bressler.com

*Attorney for Amicus Curiae
Morgan Stanley Smith Barney, LLC*

# CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing brief complies with Fed. R. App. P. 32(g) and Fed. R. App. P. 27(d)(2)(A) because it contains 1,541 words, excluding those parts of the exempted by Fed. R. App. P. 32(f).

I further certify that per Fed. R. App. P. 27(d)(1)(E), this motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the style requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in a proportionally spaced font in Microsoft Word using 14-point Times New Roman.

Dated: March 1, 2023　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　*/s/ Louis F. Mendez*
　　　　　　　　　　　　　　　　　　Louis F. Mendez

# CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the appellate CM/ECF system.

I certify that all counsel in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: March 1, 2023                             Respectfully submitted,

*/s/ Louis F. Mendez*
Louis F. Mendez